# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **Marcus Aaron, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **Bow Plumbing Group, Inc., a** | ) |
| **Canadian Corporation, et al.,** | )   Civil Action No. 2:23-cv-00060 |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Bow Plumbing Group Inc.[1] ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action filed by Plaintiffs, Marcus Aaron, et al., in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice, Defendant shows the Court as follows:

### PROCEDURAL BACKGROUND

1. On January 31, 2022, Plaintiffs commenced this product liability lawsuit in the Circuit Court of Montgomery County, Alabama, Civil Action No. 2022-

---

[1] Incorrectly identified in Plaintiffs' Complaint as "Bow Plumbing Group, Inc." For clarification, the only correction needed is the removal of the comma preceding the "Inc." designation.

900111. The documents attached as Exhibit A constitute all of the process and pleadings served and filed in this action to date. 28 U.S.C. § 1446(a).

2. On December 27, 2022, Plaintiffs filed a Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson. See Exhibit B. In the Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson the plaintiffs attest: "Since the time of the filings, the Goodsons and their attorneys learned that the damages and repair to the Goodson's home far exceeds $75,000." Defendant opposed the Motion to Sever. *See* Exhibit A. There has been no ruling yet.

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, which is the district and division embracing the place with the state court case was filed. 28 U.S.C. § 1141(a).

4. This Notice of Removal is filed within thirty (30) days of December 27, 2022, the date Plaintiff filed the Motion to Sever from which Defendant could first ascertain that the case is removable. 28 U.S.C. § 1446(b)(3).

5. Promptly after filing this Notice, Defendant will file a copy with the Clerk of the Circuit Court of Montgomery County, Alabama. 28 U.S.C. § 1446(d).

## DIVERSITY OF PARTIES

6. Plaintiffs are resident citizens of the State of Alabama. *See* Exhibit A,

Complaint ¶¶ 4-28, First Amended Complaint ¶¶ 4-37 and Second Amended Complaint. ¶¶ 4-50.

7. Defendant is a Canadian corporation with its principal place of business in Montreal, Quebec, Canada. See Exhibit A, Complaint ¶ 29, Answer ¶ 29, First Amended Complaint ¶ 38, Answer to First Amended Complaint ¶ 38, Second Amended Complaint ¶ 51, and Answer to Second Amended Complaint ¶ 51. Thus, Defendant is a citizen of Canada, and it is not a citizen of the State of Alabama. [2]

8. Plaintiffs and Defendant are all of the non-fictitious parties to this action and there is complete diversity of citizenship between them. 28 U.S.C. § 1332.

9. Citizen of the fictitious defendants should be ignored for the purpose of removal. 28 U.S.C. § 1441(b)(1).

## AMOUNT IN CONTROVERSY

10. For a case to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiffs' Complaint alleges claims of breach of express and implied

---

[2] "[F]or removability purposes, [a defendant] is presumed to know its own citizenship; indeed, it is in the best position to know it." *Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, No. 3:11-CV-536-AC, 2011 U.S. Dist. LEXIS 130349, *15 (D. Or. Nov. 8, 2011) (internal quotations omitted) (alteration original). "[C]ourts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship, without delving into the prohibited area of a defendant's subjective knowledge." *KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074 SC, 2008 U.S. Dist. LEXIS 95698, at *11 (N.D. Cal. Nov. 17, 2008).

warranty, product liability, negligence, wantonness, and suppression against Defendant. Plaintiffs demand compensatory and punitive damages plus interest, costs, and any other damages available under the law. *See* Exhibit A, Complaint, First Amended Complaint and Second Amended Complaint.

12. Plaintiffs claim that they have suffered damages to their home and its contents. Plaintiffs are seeking damages for costs including: the cost of replacing or repairing cross-linked polyethylene ("PEX") plumbing tubing in their home, the cost of replacing or repairing portions of their home damaged due to water leaks in the PEX tubing, the cost of replacing or repairing contents of their home damaged due to water leaks in the PEX tubing, the cost of alternative living arrangements while repairs to their home were being made, the diminished value of their home, and increased insurance costs. See Exhibit A, Complaint ¶ 43, First Amended Complaint ¶ 43, and Second Amended Complaint ¶ 65.

13. Plaintiffs stated in the Complaint, First Amended Complaint and Second Amended Complaint that the "Plaintiffs each plead damages under the jurisdictional limit in their individual respective claims for all their causes of action combined not to exceed $74,000.00 in the aggregate for each client. Each Plaintiff does not seek $74,000.00 in damages for each cause of action they assert, but rather, a total of no more than $74,000.00 for all their causes

of action combined and asserted by each Plaintiff." *See* Exhibit A, Complaint ¶ 2, First Amended Complaint ¶ 2, and Second Amended Complaint ¶ 2.

14. However, on December 27, 2022, Plaintiffs' filed a Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson. *See* Exhibit B, Plaintiffs' Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson. Severance of the Goodsons' claims was sought on the basis that Plaintiffs "the Goodsons and their attorneys learned that the damages to repair of the Goodson's home far exceeds $75,000." *See* Exhibit B, Plaintiffs Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson.

15. "When there are multiple plaintiffs in an action, federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 Fed. Appx. 88, 883 (11th Cir. 2020) ref. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). In *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, the United States Supreme Court addressed the question of whether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement. The Supreme Court held that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-

controversy requirement, §1367 does authorize supplemental jurisdiction over the claims of the other plaintiffs in the same…case or controversy, even if those claims are for less that the jurisdictional amount specified in the statute setting for the requirements for diversity jurisdiction." *Exxon*, 545 U.S. 546, 549 (U.S. 2005).

16. As such, the Goodson's attestation in the Motion to Sever that the Goodsons' claims exceed $75,000, meets the amount in controversy requirement and thus, this Court has federal subject matter jurisdiction over all of the plaintiffs' claims in this case.

17. At the time of this filing, there has been no ruling by the Court on the Plaintiffs' Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson. As such, Plaintiffs Jason and Beverly Goodson's claims have not been severed and the Goodsons remain Plaintiffs in this matter.

18. District Courts are permitted to use common sense and judicial experience in determining whether the amount in controversy is satisfied. *See* Roe v. Michelin N. Am. Inc., 613 F. 3d 1058, 1061-62 (11th Cir. 2010).

19. Defendant denies that it is liable to Plaintiffs for any amount. However, based on Plaintiffs' allegations and Plaintiffs' counsel's written attestation in Exhibit B that the Goodsons' "damages to repair the Goodson's home far exceeds $75,000", Defendant does not dispute that the amount in controversy

exceeds $75,000.00.

20. The amount in controversy therefore exceeds the jurisdictional requirement and removal is proper. 28 U.S.C. §§ 1332 and 1446.

## TIMELINESS

21. As construed by district courts in this Circuit, the 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to *ascertain intelligently* that the action is removable." *Holloway v. Morrow*, No. 07-0839-WS-M, 2008 U.S. Dist. LEXIS 10318, at *9 (S.D. Ala. Feb. 11, 2008) (emphasis added). The removal period "should not begin to run until the defendant should *objectively know* that the case is removable." *Mendez v. Cent. Garden & Pet Co.*, 307 F. Supp. 2d 1215, 1221 (M.D. Ala. 2003) (emphasis added).

22. When "a case is not removable on the face of the complaint, 'a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, *motion*, order or other paper from which *it may first be ascertained that the case is one which is* or has become *removable*.'" *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 893 (11th Cir. 2011) (quoting 28 U.S.C. § 1446(b) (emphases added)); *see also Dixon v. Green Tree Servicing, LLC*, 859 Fed. Appx. 373, 374 (11th Cir. 2021); *Arrington v. State Farm Ins. Co.*,

No. 2:14cv209-CSC, 2014 U.S. Dist. LEXIS 89264, at *8 n.3 (M.D. Ala. July 1, 2014).

23. Because Plaintiffs denied that the Plaintiffs' claims did not exceed $74,000.00 in the Complaint, First Amended Complaint and the Second Amended Complaint, Defendant could not satisfy the preponderance of the evidence standard based solely on Plaintiffs' Complaints. *See* Exhibit A, Complaint, First Amended Complaint and Second Amended Complaint.

24. Plaintiffs' filing of Plaintiffs' Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson is a pleading and motion from which Defendant could first ascertain that this case is removable. See Exhibit B.

25. Defendant is filing this Notice of Removal within thirty (30) days of the date Plaintiffs' Motion to Sever the Claims of Plaintiffs Jason and Beverly Goodson was filed (December 27, 2022, and the removal is therefore timely under 28 U.S.C. § 1446(b)(3).

26. The removal in this case was properly effected under § 1446(b)(3), within thirty days of the receipt of the Motion to Sever (on December 27, 2022).

## JURY DEMAND

27. A jury is demanded in Plaintiffs' Complaint.

## CONCLUSION

28. Defendant Bow Plumbing Group Inc. has satisfied all procedural

requirements with respect to complete diversity of citizenship, the amount in controversy, and timing. Removal is therefore proper under 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of a written notice to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 24th day of January, 2023.

*/s/ Sarah Ryan*
ANGEL A. CROES (DAR017)
HANNAH R. DELLASALA (DAR023)
CAROLINE T. PRYOR (PRYOC2802)
SARAH C. RYAN (CROSS5186)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email:   acroes@carrallison.com
         hdellasala@carrallison.com
         cpryor@carrallison.com
         sryan@carrallison.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 24th day of January 2023, I have served a copy of the above and foregoing on counsel for all parties by:

     \_\_\_\_\_Facsimile transmission;

     \_\_\_\_\_Hand Delivery;

     \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or

     __XX__  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Joseph H. Aughtman, Esq.
AUGHTMAN LAW FIRM, LLC
1772 Platt Place
Montgomery, AL  36117
jay@aughtmanlaw.com

Kenneth J. Mendelsohn, Esq.
JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, AL  36117
kenny@jmfirm.com

_/s/ [signature]_
OF COUNSEL